RECHC'251204PM0337MDG7-ATH

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA

Aaron K. Weisenburg Thomas,

Plaintiff,

v.                                                                Case No.3:25-cv-

Georgia Dept. Human Resources

and  Danielle Huff

Defendant.


## COMPLAINT AND REQUEST FOR INJUNCTION


Complainant, Aaron Kyle Weisenburg Thomas by and through attorney-in-fact, Kevin Thomas, and respectfully moves this Court for an order granting injunctive relief against Defendant "ex rel." Danielle Huff and Georgia Dept. of Human Resources In support the Plaintiff states as follows:


1. Jurisdiction and Venue

This Court has jurisdiction over this matter pursuant to 28 USC 1331, Federal Question Jurisdiction venue ,was the events giving rise to this action occurred within this jurisdiction.

Venue is proper in this Court pursuant to the Middle District of Georgia, as the Defendant resides in this jurisdiction and /or the events occurred in this jurisdiction.

2. Parties

   a. Plaintiff, Aaron K. Weisenburg Thomas, is a resident of Athens, Georgia .

   b. Defendant, Georgia Dept. of Human is a resident of Athens, Georgia and may be served at

     850 Hawthorne Ave. , Athens, GA 30601

   c. Danielle Huff is also a resident of Athens, GA

3. Factual Background

   a. On two separate occasions, on or about August 25,2025 then again on September 3,2025 the Georgia Department of Human Resources in collusion with "ex rel" Danielle Huff and in contravention of the rights of the Father / Plaintiff attempted to and in a rush to judgment of provoke an appearance by the Father / Defendant yet pursuant to OCGA 9-11-06 lacked jurisdiction due to insufficient service of process, OCGA 9-11-4 (substantive due process).

   b. The nature of the harm that will occur if the injunction is not granted. Defendant's right to appear, confront his accuser[s],and to be heard are at stake and have been arbitrarily,

egregiously, and unreasonably threatened by the Defendant's. There may well be only ONE bite at the apple. It is likely to happen again without a mechanism in place to prevent the reoccurrence of same.

c. Insufficient Notices to appear on or about August 25,2025 and again on or about September 3,2025.There exists a limitation on a third party named by "ex:rel" Defendant Danielle Huff and the case out of which the instant matter arises out of an action taken by the Defendants.

4. Legal Standard for Injunctive Relief

To obtain a preliminary injunction, Plaintiff must demonstrate:

a. A substantial likelihood of success on the merits of the case;

b. A substantial threat of irreparable harm if the injunction is not granted;

c. That the threatened injury to Plaintiff outweighs any harm to Defendant; and

d. That the injunction will not disserve the public interest.

5. Argument

a. Likelihood of Success on the Merits

The Plaintiff is likely to succeed on the merits of the case, because the Defendant, the Dept. of Georgia Human Resources who carries the weight of responsibility for its stakeholders the public

and  many, many, families, including children, mothers and fathers. And due process in an area that the entity that is Georgia Dept. of Human Resources carry out often even daily. And all of its stakeholders including Defendants, Plaintiff's and many, many children within the state of Georgia have a vested interest in.

b. Irreparable Harm

The irreparable harm Plaintiff will suffer without the injunction, is damage to both him and his family. The loss of generational wealth. Unnatural, and unnecessary altering of normal, natural of the dynamic of a family.

c. Balancing of Harms   The harm to Plaintiff outweighs any potential harm to Defendant if the injunction is granted because there is no harm to the Defendant's  compliance and in consistence with existing  and relevant law is at issue.

d. Public Interest

Granting the injunction serves the public interest in as much as public confidence in the legal system is crucial to its very existence.

6. Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Grant this Motion for Injunctive Relief;

b. Issue a preliminary injunction against Defendant Georgia Department of Human Resources & Danielle Huff prohibiting any further or future  breeches of Plaintiff's right   Due process

4

against the Plaintiff's right to due process a d consequent right to be heard TO BE

; ENJOINED.

c. Declaratory Relief

d. Grant such other and further relief as the Court deems just and proper.


Date : Dec. 2nd, 2025


Respectfully submitted,


Aaron K. Weisenburg Thomas : PLAINTIFF

Kevin Thomas : attorney -in – fact, c /o

220 Harve Mathis Rd.

Athens, GA 30601

ph.,(574)228-1058

EMAIL : kt6720866@gmail.com

Kevin Thomas : attorney-in-fact


CERTIFICATE OF SERVICE


I hereby certify that a true and correct copy of the foregoing Motion for Injunctive Relief was

served on all parties of record via certified mail on this date. Dec. 2nd, 2025 .

5