# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| AARON KYLE WEISENBURG THOMAS,<br><br>*Plaintiff*,<br><br>v.<br><br>GEORGIA DEPT. OF HUMAN RESOURCES, *et al.*,<br><br>*Defendants*. | CIVIL ACTION NO.<br>3:25-cv-00192-TES |

## ORDER

On December 5, 2025, the Court issued a show cause order asking Plaintiff Aaron Kyle Weisenburg Thomas to show whether Kevin Thomas, an individual filing pleadings on behalf of Plaintiff, is an attorney licensed to practice law in the Middle District of Georgia or in the State of Georgia. *See* [Doc. 3]. In that same Order, the Court reminded Plaintiff that he had not yet paid the required filing fee associated with filing the case and that he "must either pay the filing fee or move to proceed *in forma pauperis* ("IFP")." [*Id.* at p. 2]. Plaintiff was furthermore warned that "[f]ailure to pay the fee or to move (and be granted) IFP status could result in Plaintiff's case being dismissed." [*Id.*].

On December 15, 2025, Kevin Thomas responded to the Order [Doc. 3] and informed the Court that he is not, in fact, an attorney licensed to practice law in the

Middle District of Georgia or in the State of Georgia and that he "will not file any additional documents on [Plaintiff's] behalf." *See* [Doc. 4]. In federal court, individual parties "may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. This necessarily means that nonlawyers may not represent parties in federal courts. *Jacox v. Dep't of Def.*, No. CIVA 5:06CV182 HL, 2007 WL 118102 (M.D. Ga. Jan. 10, 2007). Based on Kevin Thomas' response to the Court's Order [Doc. 3], it is clear that Plaintiff has not conducted his own case personally or by counsel. This is further evidenced by the fact that Plaintiff failed to personally respond to the Court's Order [Doc. 3] in his individual capacity. Plaintiff furthermore failed to mitigate this issue by not moving to proceed IFP. Given that Plaintiff did not file his Complaint either personally or through legal counsel and did not move to proceed IFP, this case has not been properly brought before this Court and must be dismissed.

Additionally, neither Plaintiff nor Mr. Thomas have addressed the issue of the unpaid filing fee. As of December 23, 2025, Plaintiff has not paid the required filing fee. As previously noted, Plaintiff has not moved to proceed IFP and thus remains responsible for payment of any fees required by the Court.

Accordingly, this case is **DISMISSED without prejudice**.[1]

---

[1] *See* Fed. R. Civ. P. 41(b); *Brown v Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).

**SO ORDERED**, this 23rd day of December, 2025.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
